UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MATUK,<br>   Plaintiff,<br><br>  v.<br><br>MARTIN HOSHINO,<br>   Defendant. | Case No. 13-cv-00204-JD<br><br>**ORDER RE HABEAS PETITION**<br>Re: Dkt. No. 1 |

  Petitioner Ruben Jacob Matuk, a California state prisoner currently in custody at LaPalma Correctional Center in Eloy, Arizona, seeks federal habeas relief under 28 U.S.C. § 2254. Petitioner admitted guilt in a plea agreement to a lewd act upon a child, indecent exposure, oral copulation with a person under 18 years of age, and other similar counts. The state trial court imposed a sentence of eleven years and eight months in prison and denied probation.

  At the core of petitioner's habeas challenge is the claim that the probation report "asserted, entirely without foundation, that appellant was ineligible for probation, and that his conduct was 'violent' and that he was 'a serious danger to society.'" Dkt. No. 1, Addendum at 3. Petitioner argues that "regardless of whether there is express reference to the misinformation by the sentencing court, . . . such reliance was probable," and he asks this Court to vacate his sentence on that basis. *Id.* at 5.

  The Court has carefully considered the parties' written briefs and oral arguments at the hearing, the record and governing law, and grants the petition in part and denies it in part.

## BACKGROUND

  The facts leading to petitioner's guilty plea, which are not disputed, are taken from the California Court of Appeal's opinion in *People v. Matuk*, No. H035921, 2011 WL 5040652 (Cal.

1   Ct. App. Oct. 24, 2011) (*see* Respondent's Exhibit B), and from the Court's review of the record
2   in this case (Respondent's Exhibits A and D).

3         Petitioner is the son of a minister who "took advantage of his position . . . to prey upon
4   four young girls in his father's congregation." *Matuk*, 2011 WL 5040652, at *1. For seven years,
5   between 2002 and 2009, petitioner "exposed his erect penis to his victims on multiple occasions";
6   "masturbated in front of them, asked or 'told' them to touch his penis and 'jack him off'"; and
7   "demanded that they orally copulate him." *Id*. Two of the victims were petitioner's cousins, and
8   "[a]ll four were under 18 when [petitioner] began abusing them; the youngest was 10, another was
9   12, and two were 14." *Id*. Petitioner was arrested after one girl told her mother, who called the
10  police. In the course of investigation, the police discovered petitioner's other victims.

11        On April 29, 2010, petitioner pled guilty to eight counts in the amended complaint filed
12  against him, for which the agreed maximum sentence was 13 years. *See* Respondent's Exhibit D
13  ("RT") at 3-4. In light of the plea, the state moved to dismiss six other counts. *Id*. at 16.
14  Petitioner pled guilty to: (i) Count 1, "a violation of [California Penal Code] 664 pursuant to
15  288(c)(1), a felony, attempted lewd act on a child, occurring in August 2008"; (ii) Count 3, "a
16  violation of 288(a), July 2003, lewd act on a child"; (iii) Count 5, "a violation of 288(a) pursuant
17  to 664, December of 2003"; (iv) Count 7, "a violation of 243.4(a), sexual battery by restraint . . .
18  on November 6, 2009"; (v) Count 9, "a violation of 314, subdivision 1, a misdemeanor, indecent
19  exposure"; (vi) Count 11, "a violation of 288a(b)(1), oral copulation, occurring in 2002, May, with
20  a minor"; (vii) Count 12, "a violation of 288a(b)(1) occurring in May 2004, oral copulation of a
21  person under age 18"; and (viii) Count 13, "a violation of 647.6(a), a misdemeanor, child
22  molesting, the violation occurring in August of 2009." *Id*. at 13-14. The state trial court referred
23  the matter "for a 288.1 report" -- which appears to be a psychiatrist's report on petitioner's mental
24  condition pursuant to California Penal Code § 288.1 -- and "to probation." *Id*. at 16.

25        On July 8, 2010, the state trial court called petitioner's case for sentencing. After stating
26  that he had "had a chance to read and review the report and the associated documents, along
27  with . . . a letter from Mr. Matuk's family," and permitting one of the victims to read a letter into
28

1   the record, the state judge sentenced petitioner. Because this habeas petition is about petitioner's

2   sentencing, the Court quotes the trial judge's statements in the transcript:

> And I will deny probation. Probation is being denied for many reasons. There's the ineligibility statutorily and the limitation of probation being a possibility, being inappropriate in light of the seriousness of and nature of the charges, the victims' ages, and the length of time that the defendant's criminal behavior was carried on.
>
> Instead, with respect to Count 5, . . . 288(a) of the Penal Code, I'm going to impose the upper term of eight years in state prison, upper term based upon the fact that the crime involved the defendant taking advantage of a position of trust or confidence to commit the offense.
>
> With respect to a violation of 664/288(a), Count 1, one third the midterm of three years, or one year, in state prison consecutively imposed based upon the fact of the ages of the victims indicating they were particularly vulnerable.
>
> Count 7, 243.4(a), I'll impose one third the midterm of one year, consecutively imposed based upon the fact that the crime involved great violence, great bodily harm, or the threat of the same.
>
> As for Count 11, 288(b)(1), impose one third the midterm, consecutive, eight months, in state prison based upon the nature of and the seriousness of the crime.
>
> Count 3, 288(a) pursuant to 664, one third the midterm, which would be four months, consecutively imposed based upon the fact that the defendant inflicted emotional injury.
>
> And case -- or count number -- so the aggregate term is actually 11 years, eight months' state prison.

19   RT at 26-27. The Court notes that the sentence imposed by the trial judge on this date actually

20   added up to only 11 years.

21       On July 12, 2010, the court held a hearing to "clarify" the sentence and permitted another

22   victim, Jane Doe Two, to address the court. *Id*. at 30. Among other things, she stated, "[i]t would

23   weigh on me a lot [for petitioner] to do that many years in prison"; "11 years without their dad, I

24   couldn't imagine how [petitioner's three young children] would feel"; and "please just have mercy

25   on him." *Id*. at 30-31.

26       Stating that he was glad "we had a chance to consider" Jane Doe Two's comments as well

27   as a letter submitted by Mr. Matuk's wife, the judge imposed this sentence:

28

United States District Court
Northern District of California

| Count | Sentence |
|---|---|
| 3 - violation of 288(a) | 8 years |
| 5 - violation of 664/288(a) | 1 year (consecutive) |
| 7 - violation of 243.4(a) | 1 year (consecutive) |
| 11 - violation of 288a(b)(1) | 8 months (consecutive) |
| 12 - violation of 288a(b)(1) | 8 months (presumably consecutive) |
| 1 - violation of 664/288(c)(1) | 4 months (presumably consecutive) |
| 9 - violation of 314, subdivision 1 | 180 days (concurrent) |
| 13 - violation of 647.6(a) | 1 year (concurrent) |
| **TOTAL** | **11 years, 8 months** |

*See* RT at 34-35.

In again imposing eight years for Count 3, the trial judge offered additional reasons:

> I do note that this is a difficult, as pointed out by the People, situation. The crime itself was horrible. Mr. Matuk, I think, acknowledges that and took the affirmative steps to effect, I think, a resolution. Unfortunately, this crime is one of those that not only in and of itself by its very nature is difficult, but it also has remaining effects, as evidenced by Jane Doe Number Two, and I think those points need to be accepted at face value. But Jane Doe Number Two needs to understand that she's not the problem here; it's the behavior of the defendant, and, unfortunately, this kind of behavior causes that effect, and for that I feel even more firm about the appropriateness of the sentence previously announced.

*Id*. at 34.

Petitioner filed a direct appeal, and in a decision issued on October 24, 2011, the California Court of Appeal agreed with petitioner that the first reason given for the sentencing court's denial of probation -- petitioner's "statutory ineligibility" -- was "not supported by the record." 2011 WL 5040652, at *2. The court of appeal ruled, however, that the trial court "had additional reasons for denying probation" which "were amply supported by the record," and that the court's "improper reliance on what it believed was defendant's statutory ineligibility was harmless." *Id*. at *3. On petitioner's "suggest[ion that] the court may have relied on the probation report's unsupported statement that his conduct was violent," the court of appeal stated that it was "not persuaded," noting, without further elaboration, that "[t]he court's only mention of violence came

4

*after* it had denied probation, when it stated that it would impose one-third the mid-term of one year on the section 243.4, subdivision (a) count, 'consecutively imposed based upon the fact that the crime involved great violence, great bodily harm, or the threat of the same.'" *Id*. at *4. The court of appeal further found that petitioner's argument that his sentence "violates [the] U.S. Constitution's guarantee of due process of law" lacks merit because "it is founded on defendant's unsupported assumption that the court based its decision to deny probation on findings that his 'crimes were violent or that he is likely to endanger the public if not imprisoned . . . .'" *Id*. The court of appeal affirmed the judgment of the trial court in full. *Id*.

The California Supreme Court denied Matuk's petition for review on January 18, 2012, in a one-line denial. *See* Respondent's Exhibit C. The parties agree there is no issue of exhaustion for Matuk's petition for federal habeas relief, Dkt. No. 1, which is now pending before this Court.

## GOVERNING STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas review and sets a very high bar for petitioners to cross. Under AEDPA, a federal court may not grant a habeas petition for any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim resulted in (1) a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) a decision that was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For claims under Section 2254(d)(1), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "[A]s the statutory language makes clear," under Section 2254(d)(1), the "source of clearly established law" is restricted to the Supreme Court's jurisprudence. *Id*. The "unreasonable application" language in Section 2254(d)(1) has been narrowly construed. Under controlling precedent, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (emphasis in original; quoting *Williams*, 529 U.S. at 410). If this

5

standard "is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102.

For a state court's factual findings, Section 2254(d)(2) "authorizes federal courts to grant habeas relief in cases where the state-court decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). "Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Id*. The same standard of unreasonableness applies under subsections (d)(1) and (d)(2) of Section 2254. *Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000). The standard under Section 2254(d)(2) is "a daunting standard -- one that will be satisfied in relatively few cases. Nevertheless, the standard is not impossible to meet." *Taylor*, 366 F.3d at 1000; *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable").

## DISCUSSION

The Court treats the California Court of Appeal's decision as the pertinent state court determination because the California Supreme Court denied Matuk's petition for review without citation or comment. *See Taylor*, 366 F.3d at 999 n.5; *see also Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) ("In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision"). When the court of appeal adopts the reasoning of the trial court, the Court will also discuss the trial court's decision. *Taylor*, 366 F.3d at 999 n.5.

At heart, the habeas petition here alleges a sentencing error by the state courts. As a general matter, challenges to state court sentences do not raise a federal constitutional question for federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 782-83 (1990). A federal habeas court's review of a state sentence is quite properly circumscribed by the principles of comity and federalism, especially when the sentence is within the statutory range. *Cf. Dorszynski v. United*

*States*, 418 U.S. 424, 431-32 (1974) ("We begin with the general proposition that once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end.").

But the respect accorded to state-court sentences is not a total proscription of review by this Court. A state criminal defendant has a protected right to due process at sentencing. *See*, *e.g.*, *Williams v. New York*, 337 U.S. 241, 250-51 (1949); *cf. Gardner v. Florida*, 430 U.S. 349, 358 n.9 (1977) (due process applies at sentencing, but does not "implicate the entire panoply of criminal trial procedural rights"). That right to due process of law is violated when a criminal defendant is sentenced, whether "by carelessness or design," on the basis of "misinformation," a "misreading of the record" or "materially untrue" statements or assumptions. *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447-48 (1972) (resentencing of defendant required where answer to question "whether the sentence . . . might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained . . . must be 'yes'").

This narrow window of review does not afford petitioner any relief on the bulk of his sentence. On the issue of statutory ineligibility for probation -- which the court of appeal clearly acknowledged was an error and which the trial court expressly stated as one of the numerous reasons probation was being denied -- the court of appeal found that "the [trial] court had additional reasons for denying probation: the seriousness and nature of the charges, the victims' ages, and the length of time defendant's behavior was carried on." 2011 WL 5040652, at *2-3. The court of appeal found that these additional reasons were "amply supported by the record," because, among other things, petitioner had, "[o]ver a seven-year period, . . . exposed his erect penis to his victims, masturbated in front of them, and demanded that they 'jack him off' and orally copulate him." *Id*. The court of appeal consequently concluded that "the court's improper reliance on what it believed was defendant's statutory ineligibility was harmless." *Id*. at *3.

Petitioner does not seriously argue that these findings of the court of appeal were "based on an unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2), and the Court rejects such an argument in any event. Petitioner does attack the probation eligibility issue under 28

7

U.S.C. § 2254(d)(1), but this challenge, too, is denied. Petitioner relies almost entirely on *Tucker*, 404 U.S. 443 (1972), but that reliance is misplaced. *Tucker* turned on misinformation that made a material difference in defendant's sentencing, as without it, "the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." *Id*. at 448. That is not true here. The record shows, and the court of appeal correctly and reasonably concluded, that the acknowledged misinformation would not have made a difference to the sentencing judge. Neither *Tucker* nor any other United States Supreme Court case compels a different conclusion or stands for the proposition that a criminal defendant's due process rights are violated when the sentencing judge merely recites an incorrect basis for sentencing, when the judge in the same breath recites many other legitimate bases that can independently and sufficiently support the sentence imposed. The Court consequently denies any relief on the claim involving statutory ineligibility for probation.

Petitioner also argues to this Court, as he did to the state court of appeal, that his sentence should be vacated because "it is highly likely that, although not expressly cited, the sentencing court also relied on the probation report's baseless assertion that petitioner posed 'a serious danger to society.'" Dkt. No. 11 at 3. *See* Respondent's Exhibit A ("CT") at 111 ("The Defendant has engaged in violent conduct, which indicates a serious danger to society."). This argument, too, fails.

As petitioner concedes, the trial court did not even mention, let alone cite or rely on, this alleged error in the probation report in determining petitioner's sentence. For that very reason, the court of appeal rejected petitioner's prior identical argument on this issue. Petitioner had asserted on direct appeal that "there was 'a significant possibility' the [trial] court relied on the probation report's 'unsubstantiated conclusion' that he was likely to be a danger to others." 2011 WL 5040652, at *4. The court of appeal disagreed, finding that "[a]lthough the probation report listed danger to others as a factor in aggravation, it was not among the reasons the court gave for its decision." *Id*.

Petitioner does not meaningfully challenge this finding under Section 2254(d)(2) and the Court again would not have sustained such a claim in any event. The Court also finds that a

Section 2254(d)(1) claim fails for the same lack of evidence in the record. As the Court of Appeals for the Sixth Circuit has held, to find that a sentence violated federal due process because it was carelessly or deliberately pronounced on an extensive and materially false foundation, the petitioner "must show . . . that the trial judge relied upon" the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). The Court finds that petitioner has not, and cannot, make that showing, and consequently denies habeas relief for the alleged misstatement that petitioner posed "a serious danger to society" under either subdivision (d)(1) or (d)(2) of Section 2254.

These determinations leave most of petitioner's sentence intact. The final alleged error in the probation report -- that it stated that defendant's crime "involved great violence, great bodily harm, [or] threat of great bodily harm," CT 110, when it did not -- is a different matter.

Although not crystal clear, the court of appeal appears to have found that the probation report was wrong on this point. *See*, *e.g.*, 2011 WL 5040652, at *4. The record shows that at most, the victims complained that petitioner "grabbed" them, but even then, one victim made clear more than once that petitioner did not pull her hair, hurt her or rape her, and was not forceful. *See*, *e.g.*, CT 34-35, 39, 52. The court-ordered psychiatrist's report stated, "I reviewed the Sheriff's Department Incident Reports with Mr. Matuk. . . . These incidents did not involve violence, threats of violence, or force, according to the victims." CT 126. The State of California, too, did not argue anywhere in its papers before this Court that petitioner's crime involved violence, let alone "great" violence, and at the hearing, conceded that the sentencing court may have misspoken when it referred to the "great violence" of petitioner's crime.

The court of appeal, however, took not just a wrong turn but an unreasonable one when it dismissed the impact of this factual error on petitioner's sentence. The trial court quoted the exact words in the probation report at the sentencing: In imposing the sentence for Count 7, violation of California Penal Code Section 243.4(a), the trial court said, "I'll impose one third the midterm of one year, consecutively imposed *based upon the fact that the crime involved great violence, great bodily harm, or the threat of the same*." RT 26-27 (emphasis added). It is beyond cavil that the purported "great violence" of the crime was the only reason the court gave for its consecutive

9

imposition of one year as petitioner's sentence for Count 7. And yet the court of appeal wrote, "[d]efendant suggests the court may have relied on the probation report's unsupported statement that his conduct was violent. We are not persuaded." 2011 WL 5040652, at *4. The reason it gave for this conclusion was that the trial court "did not cite defendant's crimes being 'violent' as a reason for denying probation. The court's only mention of violence came *after* it had denied probation . . . ."[1]

If denial of probation were the only issue presented by petitioner's sentencing, this might have made some sense. But it is not. Petitioner was sentenced to serve 11 years and 8 months in state prison, a year of which was imposed to run consecutively only because his crime allegedly "involved great violence, great bodily harm, or the threat of the same." The court of appeal improperly elided the trial court's reliance on violence with the question of probation, when the record clearly shows it was the reason why the trial court added one year in prison to petitioner's sentence.

On this record, the Court can only conclude that the court of appeal engaged in an unreasonable construction of the record in finding that the trial court did not "rel[y] on the probation report's unsupported statement that his conduct was violent." 2011 WL 5040652, at *4. The only reasonable construction is that the trial court *did* rely on that "unsupported statement" in imposing an additional year to petitioner's sentence of imprisonment. On this issue, petitioner has stated a claim for habeas relief under Section 2254(d)(2).

Because petitioner has shown that he was sentenced on the basis of misinformation, the Court finds that his due process rights were violated under *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948) and *United States v. Tucker*, 404 U.S. 443, 447-48 (1972), and the court of appeal's rejection of petitioner's due process claim also constitutes a violation under Section 2254(d)(1). And because petitioner's due process rights were violated, the state's main argument against

---

[1] It should be noted that where, as here, the petitioner "challenges the state court's findings based entirely on the state record" without introducing any new evidence in federal court, "we must be particularly deferential to our state-court colleagues" in conducting this kind of "intrinsic review." *Taylor*, 366 F.3d at 999-1000. The state court's factual findings are not, however, "dressed in a presumption of correctness" under 28 U.S.C. Section 2254(e)(1) unless and until they have first "survive[d] this intrinsic review." *Id*. at 1000.

habeas relief -- that "[s]tate sentencing error is not a basis for federal habeas relief unless the error was so arbitrary and capricious that it constitutes a separate due process or Eight Amendment violation," Dkt. No. 5-1 at 7 (citing *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)) -- necessarily fails.

The Court also rejects the state's harmless error argument made under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *See* Dkt. No. 5. The Court does not find such an analysis to be appropriate, let alone necessary, in this situation. In *Townsend* and *Tucker*, the Supreme Court found due process violations where petitioner had shown that he had been sentenced on the basis of false information. The Supreme Court did not go on to ask if some other information might have supported the sentence imposed. Petitioner has shown that he was sentenced to an additional year in prison based on false information in violation of his due process rights, and that is enough for habeas relief. Harmless error is a useful tool for ensuring that justice is upheld despite occasional human mistakes, but there is nothing harmless in being sentenced to an extra year in prison on the basis of a false allegation of fact.

While stating a good claim for relief on this issue, petitioner overreaches by asking to vacate the entirety of his sentence and not just the additional year term. Nothing in the record shows that this material error corrupted his entire sentencing and no case law requires the Court to so presume. If anything, the record shows the opposite. While petitioner may have been surprised by his sentence and perceived it to be harsh, the undisputed facts of his crimes are serious and very troubling, and his tactic of preying on young girls repulsive. The sentencing judge was thoughtful and thorough, perhaps even unusually so, in explaining the basis for each component of his sentence, and there was more than enough in the record to support the sentencing judge's statements for imposing the overall sentence that he did as well as for imposing every other part of petitioner's sentence except for the sentence on Count 7.

## CONCLUSION

The Court grants the habeas petition in part and denies it in part. The consecutive one-year sentence on Count 7 is vacated, and the case is remanded to the state trial court for resentencing consistent with this order.

1  The remainder of the habeas petition is denied, and the Court further denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has failed to make a "substantial showing of the denial of a constitutional right" on any of his claims other than that for which the Court has granted relief. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining that an applicant satisfies this standard where he or she shows that reasonable jurists could find the issues debatable or that the issues are "adequate to deserve encouragement to proceed further") (internal quotation omitted).

**IT IS SO ORDERED.**

Dated: June 29, 2015

_____
JAMES DONATO
United States District Judge

12